# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OLENA HALIM, individually and on behalf of all those similarly situated, | :<br>:<br>: |
| Plaintiff, | :<br>: Case No. _____ |
| vs. | :<br>: State Court Case No. 2022CH11832 |
| CHARLOTTE TILBURY BEAUTY INC., ISLESTARR HOLDINGS LTD., | :<br>:<br>: |
| Defendants. | :<br>: |

## NOTICE OF REMOVAL

COME NOW, Defendants Charlotte Tilbury Beauty Inc. ("Charlotte Tilbury") and Islestarr Holdings Ltd. ("Islestarr," together with Charlotte Tilbury, "Defendants") and file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 and in support thereof would respectfully show the Court as follows:

## I.    PROCEDURAL BACKGROUND

1.     On December 7, 2022, Plaintiff Olena Halim ("Plaintiff") filed a Class Action Complaint (the "Complaint") against Defendants Charlotte Tilbury and Islestarr in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 2022CH11832. Plaintiff asserts the Complaint on behalf of herself and a putative class comprised of allegedly similarly situated individuals.

2.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint is attached as **Exhibit 1**. Defendants accepted Plaintiff's request to waive formal service of the Summons and Complaint on January 4, 2023. *See* **Exhibit 2**. The parties entered a stipulation

that Defendants would have 90 days (up to and including March 20, 2023) to respond to the Complaint. *See* **Exhibit 3**.

3. Plaintiff alleges that Defendants offer "virtual try-ons" of cosmetic products by "utiliz[ing] Makeup AI™, a sophisticated and precise facial recognition technology." Compl. ¶ 23.[1] According to the Complaint, as part of "Charlotte's Virtual Try On" tool offered to consumers, "Defendants use the consumer's camera to take a live scan of [the consumer's] face." *Id.* ¶ 28. Plaintiff further alleges that Makeup AI™ "works by extracting and creating a unique digital representation of the face and its measurements (*i.e.*, a face template) based on the scan of the consumer's facial landmarks and facial geometry." *Id.* ¶ 31. The face template allegedly "is necessary for Makeup AI™ to overlay the [cosmetic] product on the live image of the consumer's face with precision and exactitude." *Id.*

4. Plaintiff alleges that "[o]n multiple occasions beginning in or about December 2020 and continuing through October 2022," she used the "Charlotte's Virtual Try On" tool. *Id.* ¶ 44. Plaintiff further alleges that to proceed with the tool, "Defendants required Plaintiff to turn on and use her live camera in Illinois at which point the technology used her live camera to scan, collect, capture, obtain, use, and store digital copies of Plaintiff's unique facial geometry scan." *Id.* ¶ 45.

5. Plaintiff asserts that Defendants "did not inform Plaintiff in writing" regarding the capture of biometric identifiers, "did not seek . . . written consent" prior to the capture of biometric identifies, and "did not publish any policy as to a biometric retention schedule" in violation of the Illinois Biometric Information Privacy Act ("BIPA"). *Id.* ¶¶ 46–47.

---

[1] Defendants rely upon Plaintiff's allegations regarding the putative class solely for purposes of establishing this Court's jurisdiction over the action under the Class Action Fairness Act ("CAFA"). Defendants deny Plaintiff's allegations, that the putative classes are properly defined, and that this action is proper for class treatment under the Federal Rules of Civil Procedure and governing authority.

1095123519\9\AMERICAS

6. Based on these allegations, Plaintiff asserts six violations of BIPA, alleging that Defendants violated subsections 740 ILCS 14/15(a), 740 ILCS 14/15(b)(1)–(3), 740 ILCS 14/15(c), and 740 ILCS 14/15(d). Compl. ¶¶ 59, 66–68, 77, 85. Plaintiff also brings one count for unjust enrichment. *Id.* ¶¶ 90–97.

7. Plaintiff seeks damages, including "statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(1)" and "statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(3)," as well as equitable and injunctive relief, disgorgement, reasonable attorneys' fees, and costs. *Id.* at Prayer for Relief c-g.

8. The specific injunctive relief Plaintiff seeks is an order "requiring Defendant [sic] to comply with BIPA requirements for the capture, collection, storage, use and dissemination of biometric identifiers and biometric information, and restraining Defendants' continued non-compliance." *Id.* at Prayer for Relief c.

9. In relation to disgorgement, Plaintiff demands an order for "Defendants to disgorge all profits or other benefits obtained from its [sic] improper collection, use, trade, sale, dissemination and profiting from Plaintiff and the Class members' biometric information and biometric identifiers." *Id.* at Prayer for Relief f.

**II. GROUNDS FOR REMOVAL**

10. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction," may be removed by the defendant or the defendants, to the district court of the United States of the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

1095123519\9\AMERICAS

### A. This Court Has Original Jurisdiction.

11. The Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453 & 1711–1715 ("CAFA") endows this Court with original jurisdiction over this putative class action. "Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court." *Dark Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Unlike traditional diversity jurisdiction, there is no presumption against removal under CAFA. *Id*. (identifying "no antiremoval presumption attend[ing] cases invoking CAFA," especially given Congress's purpose of "facilitat[ing] adjudication of certain class actions in federal court"). In deciding whether removal is proper, a court may rely on evidence put forward by the removing defendant, including but not limited to affidavits from defendant's employees or experts. *Roppo v. Travelers Commer. Ins. Co.*, 869 F.3d 568, 579-80 (7th Cir. 2017).

12. Under CAFA, any putative class action commenced on or after February 18, 2005 may be removed when: (i) the suit involves a class action filed under Federal Rule 23 or a similar state statute or rule; (ii) there are at least 100 putative class members; (iii) any member of the putative class is a citizen of a state different from any defendant; and (iv) the amount in controversy in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(1)(B), 1332(d)(2), 1332(d)(5), 1453(b).

13. This case satisfies the requirements for removal under CAFA.

### *This Case Involves a Class Action*

14. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(2).

1095123519\9\AMERICAS

15. Plaintiff seeks to represent a putative class pursuant to 735 ILCS § 5/2-801, the State of Illinois's analog to Federal Rule of Civil Procedure 23. *See* Compl. ¶ 48. Thus, the first requirement is satisfied.

### *There Are More Than 100 Class Members*

16. Plaintiff seeks to represent a putative class comprised of "[a]ll individuals whose biometric identifiers and/or biometric information were captured, collected, obtained, stored, used, disclosed, redisclosed, disseminated, sold, traded, or profited from by Defendants through "Charlotte's Virtual Try On" tool within the state of Illinois for any time within the applicable limitations period." *Id.*

17. Plaintiff alleges that "there are more than forty class members" and "[a]lthough the exact number of members of the Class is currently unknown to Plaintiff, the members can be readily identified through Defendant's [sic] records." *Id.* ¶ 50.

18. From Charlotte Tilbury records available to date, the best present estimate is that at least 100 individuals used "Charlotte's Virtual Try On" tool within the state of Illinois during the five-year period preceding Plaintiff's claims and thus fit the putative class definition according to Plaintiff's allegations. **Exhibit 4**, Declaration of Jonathan Bush ¶ 5.

19. This satisfies the putative class size requirement of CAFA. *See* 28 U.S.C. § 1332(d)(5); *see also Gates v. Eagle Foods Grp., LLC*, No. 1:20-cv-06525, 2021 WL 1340805, at *1 (N.D. Ill. Apr. 9, 2021), ECF No. 30 (court had jurisdiction under CAFA where defendant's notice of removal stated that purported class contained "several hundreds of persons").

### *Minimal Diversity Exists*

20. Diversity of citizenship exists under 28 U.S.C. § 1332(d). Under CAFA, diversity of citizenship is established where "any member of a class of plaintiffs is a citizen of a State

different from any defendant" or "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2)(A), (C).

21. For purposes of 28 U.S.C. § 1332(d), a corporation is deemed to be a citizen of any State (or foreign state) by which it has been incorporated and of the State (or foreign state) where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

22. As set forth in the Complaint, Plaintiff is a citizen of Illinois and resident of Chicago. Compl. ¶¶ 1, 5.

23. The Complaint alleges that Defendant Charlotte Tilbury is Delaware corporation with its principal place of business in New York. *Id*. ¶ 2.

24. The Complaint alleges that Defendant Islestarr is a United Kingdom corporation with its principal place of business in the United Kingdom. *Id.* ¶ 3.

25. Because Plaintiff's citizenship differs from any Defendant's, diversity of citizenship exists under CAFA. *See* 28 U.S.C. § 1332(d)(2).

### *The Amount-in-Controversy Requirement is Satisfied.*

26. CAFA requires that a complaint put in controversy more than $5,000,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated for purposes of CAFA's amount-in-controversy requirement. *See id*. § 1332(d)(6).

27. A defendant seeking to remove a case to federal court under CAFA need to include in the notice of removal only a "good-faith estimate" that is "plausible." *Schutte v. Ciox Health, LLC*, 28 F.4th 850, 854 (7th Cir. 2022) (citations omitted); *see also Bloomberg v. Service Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained

plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court); *Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) (noting that for removal purposes under CAFA, defendant need only show that the recovery at the $5,000,000 jurisdictional threshold is not "legally impossible").

28. "In addressing such issues about amounts in controversy, it is critical for courts to focus on the phrase 'in controversy' and to remember the difference between even highly unlikely results and truly impossible results, and to avoid prematurely trying the merits of the case in deciding jurisdiction." *Schutte, LLC*, 28 F.4th at 854.

29. Although the Complaint does not specify the amount of damages Plaintiff and the putative class members seek in this action, the allegations in the Complaint make clear that the putative class members' claims, in the aggregate, exceed the sum or value of $5,000,000, exclusive of interest and costs.

30. Plaintiff alleges Defendants "denied" her and all putative absent class members their "rights to biometric information privacy, as set forth in BIPA." Compl. ¶ 69. Additionally, Plaintiff alleges six distinction violations of BIPA:

1. "In violation of 740 ILCS § 14/15(a), Defendants, while in possession of Plaintiff's and the Class members' biometric identifiers and biometric information, failed to develop a written policy made available to the public providing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information as required by that provision";

2. "In violation of 740 ILCS § 14/15(b)(1), Defendants systematically collected, captured, received, or otherwise obtained Plaintiff's and the other Class members' biometric identifiers and biometric information without first informing Plaintiff and the other Class members, or their legally authorized representatives, in writing that their biometric identifiers and biometric information were being collected and stored";

3. "In violation of 740 ILCS § 14/15(b)(2), Defendants systematically collected, captured, received, or otherwise obtained Plaintiff's and the other Class members' biometric identifiers and biometric information without first informing

7

Plaintiff and the other Class members, or their legally authorized representatives, in writing of the specific purpose and length of term for which the biometric identifiers and biometric information was being collected, stored and used";

4. "In violation of 740 ILCS § 14/15(b)(3), Defendants systematically collected, captured, received, or otherwise obtained Plaintiff's and the other Class members' biometric identifiers and biometric information without first obtaining a written release from them or their legally authorized representatives, as required by that provision";

5. "In violation of 740 ILCS § 14/15(c), Defendants sold, traded, or otherwise profited from its possession of Plaintiff and Class members' biometric information and biometric identifiers by commercially disseminating this data for its own benefit and profit"; and

6. "In violation of 740 ILCS § 14/15(d), Defendants, while in possession of Plaintiff and the class members' biometric identifiers and biometric information, disclosed and/or redisclosed and disseminated Plaintiff's and the Class members' biometric information and biometric identifiers without obtaining consent."

Compl. ¶¶ 59, 66–68, 77, 85.

31. The Complaint asserts for each of the six violations that "BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA." *Id.* ¶¶ 60, 71, 79, 87.

32. The Complaint alleges that Plaintiff used the "Charlotte's Virtual Try On" tool and had her facial geometry scanned "[o]n multiple occasions," *i.e.*, twice or more. *Id.* ¶ 4.

33. Six violations of BIPA per scan[2] with at least two scans for each of at least 100 putative class members and $5,000 per violation, puts the amount in controversy at least

---

[2] Plaintiff's Complaint does not disclaim the "per scan" theory of liability, i.e., that there is a separate violation each and every time that plaintiff or any member of the putative class used "Charlotte's Virtual Try On" tool. Defendants dispute this interpretation of BIPA and take the position that a plaintiff may only recover once for any specific violation of BIPA. Nonetheless, because no Court has ruled otherwise and the statutory language does not specify, and Plaintiff apparently intends to litigate the case as though each and every scan constitutes a separate violation of BIPA, the potential for additional violations per person should be considered in determining the amount in controversy. *See Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769–70

8

$5,000,000 (*i.e.*, 100 members * 2 scan/member * 6 violations/scan * $5,000/violation). *See, e.g.*, *McGoveran v. Amazon Web Servs.*, 488 F. Supp. 3d 714 (S.D. Ill. 2020) (finding subject matter jurisdiction under CAFA in BIPA class action).

34. Plaintiff seeks injunctive and equitable relief including an order "requiring Defendant [sic] to comply with BIPA requirements." Compl. At Prayer for Relief c. The value of this requested injunctive and equitable relief is also properly included in the amount-in-controversy calculation. *Abraham v. State Farm Mut. Auto. Ins. Co.*, 2020 U.S. Dist. LEXIS 107522 (N.D. Ill. Mar. 24, 2020).

35. Plaintiff additionally requests the Court order Defendants to disgorge all economic benefits from Defendants' alleged "profit[] from their possession of Plaintiff and Class members' biometric information." *Id.* ¶¶ 92, 97. The value of this demanded disgorgement is also properly included in the amount-in-controversy calculation.

36. Plaintiff also seeks (i) reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3); (ii) pre- and post-judgment interest; and (iii) "such further and other relief as the Court deems just and equitable." *Id.* at Prayer for Relief g–i.

37. Therefore, the amount in controversy threshold under 28 U.S.C. § 1332(a) is met.

### III. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

38. Defendants satisfy the procedural requirements for removal in 28 U.S.C. § 1446.

**A. Removal Is Timely.**

39. Defendants are entitled to remove this action within thirty days of receipt of service of the Complaint. *See* 28 U.S.C. § 1446(b)(1). Defendants accepted Plaintiff's request to waive

---

(N.D. Ill. 2019) (finding removal proper because plaintiff did not show that recoverable amount based on "per scan" theory was "legally impossible").

formal service of the Summons and Complaint on January 4, 2023. Accordingly, this Notice of Removal is timely.

### B. Removal Is To The Proper Court.

40. The state court action is pending in the Circuit Court of Cook County, Illinois, which is within the "district and division" of this Court. *See* 28 U.S.C. § 1446(a); 28 U.S.C. § 93(a)(1) ("The [Northern District] Eastern Division comprises the counties of Cook . . . .").

### C. Pleadings And Process Are Attached

41. In compliance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers or exhibits of every kind on file and relating to the Complaint in the state court are attached hereto as **Exhibits 1-4**.

### D. Notice

42. Promptly after the filing of this Notice of Removal, Defendants shall give written notice of the removal to all parties and will file a copy of this Notice of Removal with the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 2022CH11832.

WHEREFORE, Defendants respectfully pray that the action be removed to this Court and that this Court assume full jurisdiction as if it had been originally filed here.

**DATED**: January 6, 2023              */s/ Corey T. Hickman*

                                        Jack Carriglio
                                        Corey T. Hickman
                                        COZEN O'CONNOR
                                        123 N Upper Wacker Drive, Suite 1800
                                        Chicago, IL 60606
                                        Tel.: (312) 474-4477
                                        Fax: (312) 706-9704
                                        Email: jcarriglio@cozen.com
                                        Email: chickman@cozen.com

Kristin L. Bryan
(*Motion for Admission Forthcoming*)
James M. Brennan
(*Motion for Admission Forthcoming*)
SQUIRE PATTON BOGGS (US) LLP
1000 Key Tower
127 Public Square
Cleveland, OH 44114
Tel.: (216) 479-8500
Fax: (216) 479-8780
Email: kristin.bryan@squirepb.com
Email: james.brennan@squirepb.com

*Attorneys for Defendants Charlotte Tilbury Beauty Inc. and Islestarr Holdings Ltd.*

**CERTIFICATE OF SERVICE**

I, Corey T. Hickman, hereby certify that, on January 6, 2023, I caused to be electronically filed the foregoing Notice of Removal of Defendants Charlotte Tilbury Beauty Inc. and Islestarr Holdings Ltd. with the Court via the ECF System, it is available for viewing and downloading from the ECF system, and a true and correct copy was served to all counsel of record registered with the ECF system.

/s/ Corey T. Hickman

*Attorney for Defendants Charlotte Tilbury Beauty Inc. and Islestarr Holdings Ltd.*

1095123519\9\AMERICAS