**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| OLENA HALIM, individually and on behalf of all those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CHARLOTTE TILBURY BEAUTY INC., ISLESTARR HOLDINGS LIMITED<br><br>    Defendants. | Case No.: 1:23−cv−00094<br><br>**Honorable Nancy L. Maldonado**<br><br>**Plaintiff's Rule 26(f) Report** |

**1.      The Nature of the Case**:

**A.      Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

Attorneys for Plaintiff Olena Halim:
Grace E. Parasmo (*pro hac vice*\*)
Yitzchak H. Lieberman (*pro hac vice*)
**Parasmo Lieberman Law**
7119 W. Sunset Blvd, #808
Los Angeles, CA 90046
Tel: (917) 657-6857
gparasmo@parasmoliebermanlaw.com
ylieberman@parasmoliebermanlaw.com
\*(Lead Trial Attorney to Apply for Admission to General and Trial Bar)

Allen Schwartz (*pro hac vice*)
**Schwartz Law PLLC**
150 Broadway, Suite 900
New York, NY 10038
Tel:  347-460-5379
allen@allenschwartzlaw.com

Kylie K. Franklin
**Hopkins & Huebner, P.C.**
100 E. Kimberly Road, Suite 400
Davenport, IA 52806
Tel: 563-445-2254
kfranklin@hhlawpc.com

Robert R Duncan
James Henry Podolny
**Duncan Law Group, LLC**
161 N. Clark, Suite 2550
Chicago, IL 60601
(312) 202-3283
rrd@duncanlawgroup.com
jp@duncanlawgroup.com

Attorneys for Defendants Charlotte Tilbury Beauty Inc. and Islestarr Holdings Limited

Kristin L. Bryan (*pro hac vice*\*)
James M. Brennan (*pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
127 Public Square
Suite 1000
Cleveland, OH 44114
216-479-8070
216-479-8041
Email: kristin.bryan@squirepb.com
Email: james.brennan@squirepb.com
\*(Lead Trial Attorney to Apply for Admission to General and Trial Bar)

Jesse Taylor (*pro hac vice* forthcoming)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, OH 43215
Tel.: (614) 365-2700
Fax: (614) 365-2499
Email: jesse.taylor@squirepb.com

Corey Thomas Hickman
Jack J. Carriglio
COZEN O'CONNOR
123 N. Wacker Drive
Suite 1800
Chicago, IL 60606
312-382-3100

312-474-4477
Email: chickman@cozen.com
Email: jcarriglio@cozen.com

**B.     Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.**

**Plaintiffs' Position:**

This putative class action asserts violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 et seq., arising out of the Charlotte Tilbury Virtual Try On tool, which allow consumers who visit the Defendants' website to see how lipstick, mascara, eyeliner, blush, and other cosmetics manufactured and sold by Defendants would look like on their faces. Plaintiff alleges that Makeup AI™, which powers the try on tool, is a sophisticated and precise facial recognition technology, described by Defendant Islestarr, in its trademark application, as "facial recognition software" that is "for use in the collection of facial recognition data for cosmetics." ECF 1-1 ¶ 23. Plaintiff alleges that Makeup AI™ works by extracting and creating a unique digital representation of the face and its measurements (*i.e.,* a face template) based on the scan of the consumer's facial landmarks and facial geometry. ECF 1-1 ¶ 31. The face template is alleged to be necessary for Makeup AI™ to overlay the product on the live image of the consumer's face with precision and exactitude. ECF 1-1 ¶ 31.

Plaintiff alleges Defendants violated BIPA because they did not make any disclosures nor obtain informed written consent when they allegedly captured, collected, or otherwise obtained, Plaintiff and the Class members' biometric identifiers (e.g., scans of face geometry). Plaintiff also alleges that while in possession of these biometric identifiers, Defendants disseminated this data without consent, and profited from it. Plaintiff alleges Defendants violated six subsections of BIPA: 740 ILCS 14/15(a), 740 ILCS 14/15(b)(1)-(3), 740 ILCS 14/15(c) and 740 ILCS 14/15(d).

ECF 1-1 ¶¶ 59, 66-68, 77, 85. Plaintiff also brings a claim for unjust enrichment. *Id.* at ECF 1-1 90-97.

There are no counterclaims or third-party claims.

**C.** **Briefly identify the major legal and factual issues in the case.**

**The major legal and factual issues in this case are:**

**Plaintiff's Position:**

1. Whether Defendants' collected, captured, received, or otherwise obtained Plaintiff's and the Class members' biometric identifiers or biometric information;

2. How Defendants' Virtual Try On tool works;

3. Whether Defendants, while in possession of Plaintiff's and the Class members' biometric identifiers and biometric information, failed to develop a written policy made available to the public providing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information as required by that provision.

4. Whether Defendants, while in possession of Plaintiff and the class members' biometric identifiers and biometric information, disclosed and/or redisclosed and disseminated Plaintiff's and the Class members' biometric information and biometric identifiers without obtaining consent.

5. Whether Defendants sold, traded, or otherwise profited from its possession of Plaintiff and Class members' biometric information and biometric identifiers by commercially disseminating this data for its own benefit and profit.

**D.** **State the relief sought by any of the parties.**

Plaintiff, on behalf of herself and a proposed class of similarly-situated individuals, seeks $5,000 for each intentional or reckless violation of BIPA or $1,000 for each negligent violation,

declaratory relief, injunctive relief to ensure Defendants' compliance with BIPA, and reasonable attorneys' fees and costs pursuant to 740 ILCS 14/20. Plaintiff also seeks disgorgement of all profits or other benefits obtained from Defendants' improper collection, use, trade, sale, dissemination and profiting from Plaintiff and the Class members' biometric information and biometric identifiers.

**2.     Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**

**A.     Identify all federal statutes on which federal question jurisdiction is based.**

Defendants removed this action from Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 2022CH11832 under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d)(2), 1453, and 1711-1715. Notice of Removal, ECF 1.

**B.      If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

**(1) State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).**

**Plaintiff's Position[1]:**

---

[1]     Regrettably, the parties were unable to agree on proposed language for this section, which resulted in separate filings. The parties conducted their Rule 26(f) conference on February 7, 2023. At the conference, Plaintiffs offered to create the first draft by February 21, 2023. In accordance with the parties' agreement, on February 21, 2023, Plaintiffs provided a draft, which included some substantive arguments supporting Plaintiff's position on why the Court lacks subject matter jurisdiction. The draft came with a respectful request that the Defendants provide their inserts no later than Friday February 24, 2023. Defendants declined and responded they would provide their portions "when available" and did not commit to a date. When Plaintiffs did not receive Defendants' portion as requested, they wrote Defendants on February 27, 2023 at 9:14 p.m. CST: "The deadline to file our Rule 26(f) statement is tomorrow but we have still not received Defendants' portions of the statement. Please send us Defendants' portions by 10 am central tomorrow so that we have an adequate opportunity to review and finalize the document before submission." At 9:23 a.m. CST on February 28, 2023, Defendants responded "Defendants 26(f) insert will also be provided with sufficient time for the parties to finalize and file today."

Defendants did not send their portions until after close of business at 6:02 p.m. CST on February 28, 2023. Their portion mischaracterized Plaintiffs' complaint and contained case law

Defendants assert they meet CAFA's $5 million threshold through the following calculation: six violations of BIPA per scan with at least two scans for each of at least 100 putative class members and $5,000 per violation, (*i.e.*, 100 members * 2 scan/member * 6 violations/scan * $5,000/violation = $6 million). ECF 1-1 ¶ 33. This calculation relies on the assumption that (1) Plaintiff can recover separate statutory damages for Defendants' violations of 740 ILCS 14/15(b)(1), (b)(2), and (b)(3) of BIPA, (2) there are two scans for each and every class member, and (3) each of these two scans was separately disseminated and separately profited from. (ECF 1-1 ¶¶ 30-31). Plaintiffs do not allege three Section 15(b) counts, but only one (ECF 1 ¶¶ 63-73), and Plaintiff is not aware of any case that has allowed a plaintiff to recover separate statutory damages for violations of each subsection of Section 15(b). Without the triple counting of Section 15(b), Defendants do not meet CAFA's jurisdictional minimum (*i.e.*, 100 members * 2 scan/member * 4 violations/scan * $5,000/violation = $4 million). Further, Defendants provide no basis to suggest that every class member used Charlotte's Virtual Try-On at least twice or that each

---

not cited by Plaintiffs and other items not discussed by the parties at their Rule 26(f) conference. Defendants sent their portion with the following note, which anticipated that Plaintiffs would need to respond to Defendants' newly revealed arguments and positions: "Attached are Defendants' inserts to the 26(f) Report folded on top of Plaintiff's previously circulated positions. To the extent changes are made to the attached in advance of filing by Plaintiff, we would request first receiving a copy of the updated insert and the opportunity to weigh in on behalf of Defendants." Because it was sent well after the close of business, Plaintiffs' counsel was unable to review the statement carefully and prepare a revision to address the positions taken by Defendants' counsel until a few hours later. As anticipated by Defendants, Plaintiffs prepared a response to Defendants' positions and did so as quickly as possible and after business hours. Plaintiffs sent their revisions at 12:00 a.m. CST on March 1 and indicated that Plaintiffs would file "momentarily" if Defendants consented to the filing. On March 1, 2023 at 8:36 am CST, Defendants attached a revised version of the report completely stripped of any substantive argument on the subject matter jurisdiction and inserting a new section claiming that Plaintiff was to blame for the late filing, necessitating a further revision by Plaintiff to address this. Further efforts to file jointly were unsuccessful.

of these multiple scans were disseminated or profited from. But even assuming, for the sake of argument, that the above assumptions are otherwise reasonable, the Court still lacks Article III subject matter jurisdiction over the 740 ILCS 14/15(a) and (c) claims.

*Section 15(a) claim*: Plaintiff only alleges a violation of Section 15(a) provisions requiring entities to establish publicly-available biometric retention and destruction schedule. ECF 1-1 ¶¶ 36-37. Such allegations are insufficient to allege an injury under Article III, and thus, this claim should be remanded. *See Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020). In *Fox v. Dakkota Integrated Sys., LLC,* 908 F.3d 1146, (7th Cir. 2020), the Seventh Circuit reversed district court's remand of the plaintiff's Section 15(a) claim because "[u]nlike in *Bryant*, [plaintiff's] Section 15(a) claim does not allege a mere procedural failure to publicly disclose a data-retention policy" but rather alleges:

> a concrete and particularized invasion of her privacy interest in her biometric data stemming from [defendant's] violation of the full panoply of its section 15(a) duties—the duties to develop, publicly disclose, *and comply with* data retention and destruction policies—resulting in the wrongful retention of her biometric data after her employment ended, beyond the time authorized by law.

980 F.3d at 1149 (emphasis in original).

Here, Plaintiff does not allege that Defendants had no policy at all—public or private. Plaintiff also does not allege that Defendants failed to comply with a data retention and destruction policy (whether unwritten, undisclosed, or both), and importantly, Plaintiff does not allege a claim for unlawful retention of her biometric identifiers. "Put another way, taking all the facts in Plaintiff's complaint as true does not preclude the possibility that Defendant[s] ha[ve] complied with [their] own written policy that establishes a retention schedule and destruction guidelines." *Carpenter v. McDonald's Corp.*, No. 1:21-CV-02906, 2021 WL 6752295, at *3 (N.D. Ill. Nov. 1, 2021)(court remanded section 15(c) claim where the complaint lacked any allegation

regarding defendant's failure to comply with a policy). Defendants cite to allegations that Defendants transferred, disclosed, redisclosed, or disseminated her biometric identifiers to support the inference that they unlawfully retained her data, but Plaintiff never brought a claim for unlawful retention nor did she allege as much. And because Plaintiff is the master of her complaint, she "may take advantage of the fact that Illinois [state court] permits BIPA cases that allege bare statutory violations, without any further need to allege or show injury." *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1248-49 (7th Cir. 2021).

*Section 15(c) claim*. Plaintiff does not allege the "concrete and particularized harm" necessary for the Court to have subject matter jurisdiction over her Section 15(c) claim, as she merely seeks statutory damages and does not plead a specific concrete injury. *Thornley*, 984 F.3d at 1241 (affirming district court's remand of Section 15(c) claim where the plaintiff alleged that it suffered no injury other than the "statutory aggrievement."); *See also Johnson v. Mitek Sys., Inc.*, 55 F.4th 1122, 1124 (7th Cir. 2022) ("Johnson has not alleged a concrete harm and, on this claim at least, seeks only statutory damages. The district court should not attempt to adjudicate Johnson's claim under §15(c) but must remand it to state court after resolving all claims within the court's adjudicatory competence.").

The "plaintiff controls her own case." *Thornley*, 984 F.3d at 1248. While Defendants seeks to conflate Plaintiff's allegations of specific concrete injury arising from Plaintiff's Section 15(b) and (d) claims into her Section 15(c) claims, "Plaintiff here asserts multiple BIPA claims, not just a Section 15(c) claim. Plaintiff's use of the words "injured" or "rights to biometric information privacy," then, do not necessarily implicate the alleged violation of Section 15(c)'s proscription against for-profit transactions." *Carpenter,* 2021 WL 6752295, *5. And, "regardless, Plaintiff ultimately alleges a general regulatory violation and nothing close to the type of personal,

8

individual harm that the *Thornley* court observed might confer Article III standing." *Id.* Further, Plaintiff's "efforts to seek disgorgement" for her separate unjust enrichment claim does not equate to pleading a concrete injury or harm for the Section 15(c) violation since Plaintiff expressly only seeks injunctive relief and statutory damages for her Section 15(c) claim. ECF 1-1 ¶ 81. A plaintiff may plead for alternative relief and is the master of her complaint.

Without the Section 15 (a) and (c) claims, Defendants cannot meet CAFA's jurisdictional minimum.

> **(2) Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.**

Plaintiff and the putative class consist of Illinois residents. Defendant CTBI is a Delaware corporation with its principal place of business in New York. Defendant Islestarr is a United Kingdom corporation with its principal place of business in the United Kingdom.

> **NOTE 1:** Individuals are citizens of the state where they are domiciled; that may or may not be the state where they currently reside. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).
>
> **NOTE 2**: A supplement to the statement of the basis for federal jurisdiction shall be filed within 14 days of any change in the information provided in the Initial Status Report.

**3.** **Status of Service**: Defendants have been served.

**4.** **Consent to Proceed Before a United States Magistrate Judge**: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent.

The parties do not consent to proceed before a Magistrate Judge.

**5.** **Motions:**

**A.** **Briefly describe any pending motions.**

There are no pending motions at this time.

9

**B.     State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

Defendants contemplate answering the complaint by means of motion.

**6.     Case Plan:**

**A.     Submit a proposal for a discovery plan, including the following information1:**

  **(1) The general type of discovery needed;**

This case will require both oral and written discovery, including interrogatories, request to produce, and requests for admission, and may involve discovery on third parties located outside of the United States.

  **(2) A date for Rule 26(a)(1) disclosures.**

The parties exchanged initial disclosures pursuant to Rule 26(a)(1).

  **(3) First date by which to issue written discovery.**

**Plaintiffs' Position**:

Plaintiff plans to serve written discovery before March 20, 2023. Plaintiff is amenable to meeting and conferring on focused discovery but opposes a blanket stay on discovery, especially given that Defendants' motions may raise issues that require discovery and Plaintiffs' challenge to standing will not dispose of the case. There is no requirement that discovery cease during the pendency of a motion to dismiss.

**(4) A fact discovery completion date.**

Plaintiff believes that it is premature to set a case schedule given the parties' dispute on whether the Court has subject matter jurisdiction over some or all of the claims. Plaintiff opposes a blanket stay on discovery.

**(5) An expert discovery completion date, including dates for the delivery of expert reports; and**

Plaintiff believes that it is premature to set a case schedule given the parties' dispute on whether the Court has subject matter jurisdiction over some or all of the claims. Plaintiff opposes a blanket stay on discovery.

**(6) A date for the filing of dispositive motions.**

Plaintiff believes that it is premature to set a case schedule given the parties' dispute on whether the Court has subject matter jurisdiction over some or all of the claims. Plaintiff opposes a blanket stay on discovery.

**B.    With respect to trial, indicate the following:
(1) Whether a jury trial is requested; and
(2) The probable length of trial.**

Plaintiff's complaint includes a demand for a jury trial. Plaintiff estimates the length of trial to be 5-7 days.

**7.    Status of Settlement Discussions**:
A.    Indicate whether any settlement discussions have occurred;
B.    Describe the status of any settlement discussions; and
C.    Whether the parties request a settlement conference.

The parties have discussed the possibility of settlement, and such discussions are ongoing. The parties are evaluating whether a settlement conference would be productive at this time.

Dated: March 1, 2023           /s/ Allen Schwartz_____
                               Allen Schwartz (*pro hac vice*)
                               **Schwartz Law PLLC**
                               150 Broadway, Suite 900
                               New York, NY 10038
                               Tel: 347-460-5379
                               allen@allenschwartzlaw.com

                               Grace E. Parasmo (*pro hac vice*)
                               Yitzchak H. Lieberman (*pro hac vice*)
                               **Parasmo Lieberman Law**

11

7119 W. Sunset Blvd, #808
Los Angeles, CA 90046
Tel: (917) 657-6857
gparasmo@parasmoliebermanlaw.com
ylieberman@parasmoliebermanlaw.com

Kylie K. Franklin
**Hopkins & Huebner, P.C.**
100 E. Kimberly Road, Suite 400
Davenport, IA 52806
Tel:  563-445-2254
kfranklin@hhlawpc.com

Robert R Duncan
James Henry Podolny
**Duncan Law Group, LLC**
161 N. Clark, Suite 2550
Chicago, IL 60601
(312) 202-3283
rrd@duncanlawgroup.com
jp@duncanlawgroup.com

*Attorneys for Plaintiff Olena Halim, individually, and on behalf of all others similarly situated*